**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAMONA I. MORGAN,**

                        **Petitioner,**

       v.                                                    **CASE NO. 22-3064-SAC**

**GLORIA GEITHER,**

                        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction.

In 2008, a jury in Douglas County, Kansas convicted Petitioner of two counts of second-degree murder and one count of aggravated battery and she was sentenced to 315 months in prison. *Morgan v. Kansas*, 2017 WL 2971985, at *1-2 (D. Kan. 2017) (unpublished memorandum and order). Petitioner unsuccessfully pursued a direct appeal and habeas corpus relief in the state courts. *See Morgan v. State*, 2014 WL 5609935 (Kan. Ct. App. 2014) (unpublished opinion), *rev. denied* July 24, 2015; *State v. Morgan*, 2010 WL 2245604 (Kan. Ct. App. 2010) (unpublished opinion), *rev. denied* Sept. 7, 2010.

In October 2015, Petitioner filed with this Court a pro se

petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging her 2008 convictions. *Morgan v. Kansas*, Case No. 15-cv-3241-KHV, Doc. 1. The Court denied the petition in July 2017. *Morgan*, 2017 WL 2971985. Petitioner appealed but the Tenth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed. *Morgan v. Kansas*, 2017 WL 8220463 (10th Cir. 2017) (unpublished order), *cert. denied* April 23, 2018.

After a second unsuccessful K.S.A. 60-1507 motion for habeas relief in the state courts, *see State v. Morgan*, 2021 WL 3708017 (Kan. Ct. App. 2021) (unpublished opinion), *rev. denied* March 28, 2022, Petitioner returned to this Court. On April 6, 2022, Petitioner filed in this Court the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Morgan v. Kansas*, Case No. 15-cv-3241-KHV. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant

2

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Petitioner asserts two grounds for relief: (1) the state trial court should have declared a mistrial because defense counsel "was not in a mental state to represent" Petitioner, and (2) a recording of a 911 call should have been admitted into evidence at trial. (Doc. 1, p. 5-6.)

Petitioner's claim involving the 911 recording was raised and adjudicated in her earlier § 2254 petition. 28 U.S.C. § 2244(b)(1) requires this court to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application."

This subsection does not apply to Petitioner's mistrial claim because she did not raise it in her previous federal habeas action.[1] Under 28 U.S.C. § 2244(b)(2),

---

[1] Petitioner did raise it in her second 60-1507 proceedings in state court, where the Kansas Court of Appeals held it was procedurally barred because it was untimely, successive, and raised only a trial error that should have been raised on direct appeal. *State v. Morgan*, 2021 WL 3708017, at *5. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). "[F]ederal habeas review of the claim[] is barred unless the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court has reviewed the petition and concludes that Petitioner has not made the required showings under 28 U.S.C. § 2244(b)(2) with respect to her mistrial claim.

In addition, when deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. This claim appears time-barred and unlikely to have merit.

Thus, it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this successive § 2254 petition. If Petitioner wishes, she may independently apply to the Tenth Circuit for authorization to proceed with this petition.

Under Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 8th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

5