IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAMONA I. MORGAN,**

                          **Petitioner,**

        **v.**                                          **CASE NO. 22-3064-SAC**

**GLORIA GEITHER,**

                          **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 8, 2022, the Court dismissed this matter for lack of jurisdiction and declined to issue a certificate of appealability. (Doc. 4.) Petitioner filed a notice of appeal to the Tenth Circuit (Doc. 6) and has filed a motion for leave to appeal in forma pauperis (Doc. 7), which the Court will grant, and a motion for certificate of appealability (Doc 8), which the Court will deny.

**Background**

In 2008, Petitioner was convicted in Douglas County, Kansas, and sentenced to 315 months in prison, after which she unsuccessfully pursued a direct appeal and habeas corpus relief in the state courts. *See Morgan v. Kansas*, Case No. 15-cv-3241-KHV, 2017 WL 2971985 (D. Kan. 2017) (unpublished memorandum and order); *Morgan v. State*, 2014 WL 5609935 (Kan. Ct. App. 2014) (unpublished opinion), *rev. denied* July 24, 2015; *State v. Morgan*, 2010 WL 2245604 (Kan. Cr. App. 2010) (unpublished opinion), *rev. denied* Sept. 7, 2010.

In October 2015, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2008 state convictions. *Morgan v. Kansas*, Case No. 15-cv-3241-KHV, Doc. 1. The Court denied the petition in July 2017; Petitioner appealed, but the Tenth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed. *Morgan v. Kansas*, 2017 WL 8220463 (10th Cir. 2017) (unpublished order), *cert. denied* April 23 2018.

After a second unsuccessful K.S.A. 60-1507 motion for habeas relief in the state courts, *see State v. Morgan*, 2021 WL 3708017 (Kan. Ct. App. 2021) (unpublished opinion), *rev. denied* March 28, 2022, Petitioner returned to this Court. On April 6, 2022, she filed her second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

After reviewing the petition under Rule 4 of the Rules Governing Habeas Corpus, the Court concluded that the 2022 matter was a successive application for habeas corpus and Petitioner had not sought in the Tenth Circuit the required authorization to file a second or successive § 2254 petition. (See Doc. 4.) This Court therefore considered whether it was "in the interest of justice" to transfer the petition to the Tenth Circuit for possible authorization. *Id.; see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). It concluded that the interest of justice would not be served by a transfer, but informed Petitioner that she could independently apply to the Tenth Circuit for authorization. (Doc. 4.) Accordingly, the Court dismissed the matter as an unauthorized successive § 2254 petition over which it lacks jurisdiction. The Court declined to issue a certificate of appealability. Petitioner

filed a notice of appeal of the dismissal. (Doc. 6.)

**Motion for Leave to Appeal in forma pauperis (Doc. 7)**

Petitioner seeks to appeal in forma pauperis (IFP). She has submitted financial information (Doc. 12) that demonstrates her financial inability to pay the required appellate fees, so the Court will grant the motion.

**Motion for Certificate of Appealability (Doc. 8)**

Petitioner asks the Court for a certificate of appealability (COA) so that he may seek relief in the Tenth Circuit. (Doc. 5.) The Court dismissed this matter for lack of jurisdiction and it declined to issue a COA with its dismissal, "concluding that its ruling in this matter is not subject to debate among jurists of reason." (Doc. 4, p. 4-5.) Petitioner's motion for certificate of appealability acknowledges that she filed a successive petition without first obtaining[1] the required authorization, but appears to contend that because the petition alleges meritorious claims, the Court should issue a COA. (Doc. 8.)

Regardless of whether Petitioner's underlying claims have merit, however, this Court lacks jurisdiction to consider an unauthorized successive habeas petition. Petitioner has not shown that this conclusion—that the current petition is an unauthorized successive petition over which the Court lacks jurisdiction—is subject to debate among jurists of reason. Accordingly, the motion is denied.

---

[1] Petitioner appears to assert that she attempted to obtain the authorization from the Tenth Circuit, but may have erroneously filed it in the Kansas state Court of Appeals. In any event, it also appears she attempted to obtain the authorization only after she filed her petition in this Court. (See Doc. 8, p. 2-3.)

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Appeal in forma pauperis (Doc. 7) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability (Doc. 8) is **denied.** Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 26th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge